**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMILLAH NICHOLS,**

      **Plaintiff,**

**vs.**                           **CASE NO.: 8:26-cv-1711**

**DEPUTY GENESIS YEARGIN,**
**Individually,**
**SHERIFF BOB GUALTIERI,**
**in his official capacity as Sheriff**
**of the Pinellas County Sheriff's Office,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JAMILLAH NICHOLS, sues Defendant, DEPUTY GENESIS YEARGIN, individually, and Defendant, SHERIFF BOB GUALTIERI, in his official capacity, and for his Complaint states:

## JURISDICTION AND VENUE

1.     This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper within the Middle District of Florida as all actions

which give rise to this Complaint occurred in Pinellas County, within jurisdiction of the Middle District of Florida.

4.    This is an action for damages which exceeds the sum of $75,000.

5.    Plaintiff has timely filed his Notice of Claim pursuant to § 768.28, Fla. Stat. on March 26, 2025, regarding the state tort claim against Defendant, SHERIFF. Defendant has denied the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## PARTIES

6.    Plaintiff, JAMILLAH NICHOLS, was an adult resident of Hillsborough County, in the state of Florida, and the United States of America, at all times relevant to this Complaint.

7.    Defendant, DEPUTY YEARGIN, was at all times relevant to this Complaint duly appointed and acting as a Deputy for the Pinellas County Sheriff's, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Pinellas County Sheriff's Office. Defendant is sued in his individual capacity.

8.    Defendant, SHERIFF, was at all times relevant to this Complaint duly appointed and acting as Sheriff for the Pinellas County Sheriff's Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Pinellas County Sheriff's

Office. Defendant, SHERIFF, is sued in his official capacity as Sheriff of the Pinellas County Sheriff's Department.

9.     Defendant, SHERIFF, as Sheriff of the Pinellas County Sheriff's Department, receives federal funds and by and through its officials, employees, and deputies is under a duty to run its policing activities in a lawful manner so as to preserve the peace to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

10.     Each and all of the acts of the Defendant, and other members of the Pinellas County Sheriff's Office involved in this incident, were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the Pinellas County Sheriff's Office, under the color of law and by virtue of their authority as law enforcement officers for the Pinellas County Sheriff's Office. At all times, Defendant, members, staff, employees, and agents of the Pinellas County Sheriff's Office were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and state law rights, as more particularized herein.

## STATEMENT OF FACTS

11.     On December 23, 2023, Deputy Graver conducted a traffic stop of Mr. Nichols. Deputy Yeargin arrived on scene as backup. Despite Mr. Nichols' displaying no signs of impairment, Deputy Yeargin arrested him for DUI.

12.     Mr. Nichol's had consumed no alcohol or controlled substances within at least 12 hours of the traffic stop.

13.     Once Mr. Nichols was in handcuffs, Deputy Yeargin asked Mr. Nichols to open his mouth, which he lawfully refused. Deputy Yeargin then advised, "It's a search incident to arrest, so you're going to do it, or I'm going to break your fucking teeth with my flashlight."

14.     Deputy Yeargin then forcefully grabbed Mr. Nichols by the neck in an attempt to open his mouth.

15.     Deputy Yeargin then forcefully pushed Mr. Nichols into the police cruiser as he remained in handcuffs, was not resisting, and offered no threat to anyone present.

16.     Mr. Nichols refused the breath test because he did not feel safe or able to provide voluntary consent after the deputy used unnecessary force against him and threatened serious harm.

17.     All charges were Nolle Prossed on July 31, 2024.

## COUNT I
## 42 U.S. 1983 – DEFENDANT, DEPUTY YEARGIN
## FALSE ARREST

18.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 above, and further alleges:

19.    Plaintiff was unlawfully seized by Defendant, DEPUTY, through the intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of his patrol car, and transported him to the Pinellas County Jail.

20.    The warrantless arrest of Plaintiff without even arguable probable cause violated Plaintiff's Fourth Amendment rights.

21.    The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

22.    A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

23.    The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, loss of reputation, attorney's fees to defend a false criminal charge, lost wages and loss of employment which losses are in whole or in

part permanent and continuing in nature and plaintiff will suffer future damages as a result.

## COUNT II
## 42 U.S. 1983 – DEFENDANT, DEPUTY YEARGIN
## EXCESSIVE FORCE

24. Plaintiff re-alleges the allegations in paragraphs 1-17 as if fully set forth herein.

25. Defendant, DEPUTY, under color of law, did intentionally touch or strike Plaintiff, MR. NICHOLS, by forcefully grabbing him by the neck and slamming him on to the vehicle, all while MR. NICHOLS was in handcuffs and not resisting DEPUTY's actions.

26. The level of force used was objectively unreasonable and constitutes a violation of Plaintiff's Fourth Amendment rights.

27. Defendant DEPUTY'S, use of excessive force was unnecessary because MR. NICHOLS committed no crime, posed no threat to any deputies and was not resisting or fleeing any deputies.

28. Defendant DEPUTY failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer.

29. Defendant, DEPUTY's, use of force upon MR. NICHOLS was an objectively unreasonable use of force given the totality of the circumstances. His use of force was disproportionate to any claimed need to use force.

30.    As a direct and proximate result of violating Plaintiff's rights, MR. NICHOLS suffered damages including physical pain and suffering, mental anguish, shock and fear of imminent violent harm, loss of capacity for the enjoyment of life, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

**COUNT III**
**STATE LAW BATTERY – DEFENDANT, SHERIFF**
**FOR THE ACTIONS OF DEPUTY YEARGIN**
**WITHIN THE COURSE AND SCOPE OF THEIR EMPLOYMENT**

31.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 17 above, and further alleges:

32.    DEPUTY YEARGIN battered Plaintiff, MR. NICHOLS, which is actionable against Defendant, SHERIFF, in his employer capacity, pursuant to § 768.28, Fla. Stat.

33.    The use of force by DEPUTY YEARGIN was excessive and objectively unreasonable under the circumstances and resulted, as the deputy should have foreseen, in a harmful and offensive contact of Plaintiff, MR. NICHOLS, against his will.

34.    The battery/unnecessary force by DEPUTY YEARGIN, against Plaintiff, MR. NICHOLS, occurred during the course and scope of his employment with the Pinellas County Sheriff's Office and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety

and property.

35.    The actions of DEPUTY YEARGIN constituted nonconsensual touch or strike battery causing injury to Plaintiff, MR. NICHOLS, in violation of Florida law.

36.    As a direct and proximate result of the acts, omissions, and conduct of DEPUTY YEARGIN, the Plaintiff, JAMILLAH NICHOLS, suffered from bodily injury and resulting pain and suffering, mental anguish and loss of capacity for the enjoyment of life. Plaintiff, MR. NICHOLS', losses are either permanent or continuing.

## COUNT IV
## STATE LAW FALSE ARREST– DEFENDANT, SHERIFF
## FOR THE ACTIONS OF DEPUTY YEARGIN
## WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT

37.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 18 above, and further alleges:

38.    Defendant, DEPUTY's, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, SHERIFF.

39.    The Defendant, DEPUTY, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

40.    The actions of Defendant, DEPUTY, were performed in the course and

scope of his employment with the Pinellas County Sheriff's Office and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

41.    As a direct and proximate result of the acts of Defendant, DEPUTY, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in him being forced to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, loss of reputation, lost wages and loss of employment.

42.    Defendant, DEPUTY's, conduct is actionable against Defendant, SHERIFF pursuant to § 768.28, Fla. Stat. (2016).

## DAMAGES

43.    Plaintiff incorporates each and every previous allegation set forth in the general allegations as if fully set forth herein.

44.    As a direct and proximate result of the aforementioned actions, statements, publications, and omissions of the Defendants, Plaintiff, JAMILLAH NICHOLS', constitutional rights were violated, and he suffered injuries and damages.  Plaintiff seeks recovery from the Defendants of all damages to which he may be entitled under federal law and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

a.      Physical Pain and Suffering of a past, present and future nature;

b.      Emotional Pain and Suffering of a past, present and future nature;

c.      Loss of Enjoyment of Life of a past, present and future nature;

d.      Loss of liberty;

e.      Loss of Employment;

f.      Loss of Wages and Earning Capacity of a past, present and future nature;

g.      Punitive damages for Counts Counts I and II;

h.      Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

i.      Post-Judgment Interest for any state law claim;

j.      Statutory and Discretionary Costs;

k.      Attorney's fees where permitted by 42 USC § 1988 or other statutes;

l.      All such further relief, both general and specific, to which he may be entitled under the premises.

## REQUEST FOR JURY TRIAL

The Plaintiff, JAMILLAH NICHOLS, requests a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this 11th day of June 2026.

**MICHAEL P. MADDUX, P.A**

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Lead Trial Attorney for the Plaintiff
Jennifer M. Szymczak, Esquire
Florida Bar Number: 85487
Co-Counsel for the Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-mails:
mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of June 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

**MICHAEL P. MADDUX, P.A.**

*s/ Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212